UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN STONE,<br>    Plaintiff<br><br>v.<br><br>SHERIFF LEWIS EVANGELIDIS,<br>& BERNARD KATZ, M.D.<br>KEVIN BARRETT<br>    Defendants | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 18-10011-RGS<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS LEWIS EVANGELIDIS, KEVIN BARRET & BRIAN RUGGIERI'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants Lewis Evangelidis, Kevin Barret and Brian Ruggieri (collectively "Defendants"), hereby responds to Plaintiff's Third Amended Complaint ("Complaint") as follows:

Defendants state that the allegations contained in the introduction paragraph of Plaintiff's Complaint call for a legal conclusion, rather than a factual response, and therefore, no response is required. To the extent the allegations contained in the introduction paragraph allege or infer any wrong doing on the part of Defendants, Defendants deny said allegations.

### PARTIES

1. Defendants are without sufficient information to admit or deny the allegations in paragraph one of Plaintiff's Complaint.

2. Defendants admit that Lewis Evangelidis is the Worcester County Sheriff. Defendants deny that he was the sworn in Sheriff in 2010.

3. Defendants state the allegations in paragraph three of Plaintiff's Complaint do not relate to Defendants, and therefore, no response is required.

4. Defendants admit that Kevin Barrett is a correctional officer employed by the Worcester County Sheriff's Office ("WCSO").

5. Defendants admit that Brian Ruggieri is a correctional officer employed by the WCSO.

## JURISDICTION AND VENUE

6. Defendants state that the allegations contained in paragraph six of Plaintiff's Complaint call for a legal conclusion, rather than a factual response, and therefore, no response is required.

7. Defendants state that the allegations contained in paragraph seven of Plaintiff's Complaint call for a legal conclusion, rather than a factual response, and therefore, no response is required.

8. Defendants are without sufficient information to admit or deny the allegations in paragraph eight of Plaintiff's Complaint.

9. Defendants are without sufficient information to admit or deny the allegations in paragraph nine of Plaintiff's Complaint.

10. Defendants state that the allegations in paragraph ten of Plaintiff's Complaint do not relate to Defendants, and therefore, no response is required.

11. Defendants are without sufficient information to admit or deny the allegations in paragraph eleven of Plaintiff's Complaint.

12. Defendants admit that Evengelidis was elected Sheriff of Worcester County in 2010. Defendants deny the remaining allegations in paragraph twelve of Plaintiff's Complaint.

13. Defendants admit that Stone was incarcerated at the WCSO in 2013. Defendants deny any such "policy" existed at the WCSO.

14. Defendants are without sufficient information to admit or deny the allegations in paragraph fourteen of Plaintiff's Complaint.

15. Defendants admit that on or about August 17, 2015 Stone was placed in the custody of the WCSO. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph fifteen of Plaintiff's Complaint.

16. Defendants are without sufficient information to admit or deny the allegations in paragraph sixteen of Plaintiff's Complaint.

17. Defendants are without sufficient information to admit or deny the allegations in paragraph seventeen of Plaintiff's Complaint.

18. Defendants are without sufficient information to admit or deny the allegations in paragraph eighteen of Plaintiff's Complaint.

19. Defendants are without sufficient information to admit or deny the allegations in paragraph nineteen of Plaintiff's Complaint.

20. Defendants are without sufficient information to admit or deny the allegations in paragraph twenty of Plaintiff's Complaint.

21. Defendants deny the allegations in paragraph twenty one of Plaintiff's Complaint.

22. Defendants deny the allegations in paragraph twenty two of Plaintiff's Complaint.

23. Defendant Evangelidis is without sufficient information to admit or deny the allegations in paragraph twenty three of Plaintiff's Complaint. Defendants Barrett and Ruggieri admit that on October 19, 2016 on the ride back form court they notified their supervisor that Stone was threatening to harm them, had removed part of his restraints and claimed to have a weapon. Defendants Barrett and Ruggieri further admit that Stone wrapped a thermal shirt around his neck. Defendants Barrett and

      Ruggieri deny the remaining allegations in paragraph twenty three of Plaintiff's Complaint.

24. Defendants are without sufficient information to admit or deny the allegations in paragraph twenty four of Plaintiff's Complaint.

25. Defendants are without sufficient information to admit or deny the allegations in paragraph twenty five of Plaintiff's Complaint.

26. Defendants deny the allegations in paragraph twenty six of Plaintiff's Complaint.

27. Defendant Evangelidis denies the allegations in paragraph twenty seven of Plaintiff's Complaint. Defendants Barrett and Ruggieri are without sufficient information to admit or deny the allegations in paragraph twenty seven of Plaintiff's Complaint.

28. Defendants state that the allegations contained in paragraph twenty eight of Plaintiff's Complaint do not relate to Defendants, and therefore, no response is required.

## COUNT I
### Eighth Amendment: Defendants Evangelidis and Katz

29. Defendants repeat and re-allege their answers to paragraph one through twenty eight as if set forth fully herein.

30. Defendants deny the allegations in paragraph thirty of Plaintiff's Complaint.

31. Defendants deny the allegations in paragraph thirty one of Plaintiff's Complaint.

32. Defendants deny the allegations in paragraph thirty two of Plaintiff's Complaint.

33. Defendants deny the allegations in paragraph thirty three of Plaintiff's Complaint.

34. Defendants deny the allegations in paragraph thirty four of Plaintiff's Complaint.

35. Defendants deny the allegations in paragraph thirty five of Plaintiff's Complaint.

## COUNT II
## Eighth Amendment: Defendants Barrett and Ruggieri

36. Defendants repeat and re-allege their answers to paragraph one through thirty five as if set forth fully herein.

37. Defendants deny the allegations in paragraph thirty seven of Plaintiff's Complaint.

38. Defendants deny the allegations in paragraph thirty eight of Plaintiff's Complaint.

39. Defendants deny the allegations in paragraph thirty nine of Plaintiff's Complaint.

40. Defendants deny the allegations in paragraph forty of Plaintiff's Complaint.

41. Defendants deny the allegations in paragraph forty one of Plaintiff's Complaint.

42. Defendants deny the allegations in paragraph forty two of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendants state that Plaintiff's claims are barred by reason of the statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

Defendants state that if the Plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct Defendants are not legally responsible.

## THIRD AFFIRMATIVE DEFENSE

Defendants state that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Defendants state that the Plaintiff assumed the risk of injury and damage and cannot recover in this action.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are entitled to immunity under the doctrine of qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

Defendants state that the Plaintiff was not in the exercise of due care, but rather the negligence of the Plaintiff contributed to cause and the injury or damage complained of, wherefore the recovery of the Plaintiff is barred in whole or in part, or is subject to diminution.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was negligent, which negligence was greater than Defendants' negligence, and therefore the Plaintiff is not entitled to recover.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred or limited because the Defendants had at all times acted in good faith.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred or limited due to the Plaintiff's consent.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the presentment requirements set forth under Mass. Gen. Laws. C. 258, § 4.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred because Plaintiff has failed to properly exhaust all available administrative remedies.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred or limited because the Defendants' conduct was reasonable under the circumstances.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred or limited by the doctrine of justification.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the immunities set for under Mass. Gen. Laws c. 258, § 10.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were not caused by the Defendants' acts or omissions.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Eleventh Amendment.

Defendants reserve their right to assert further Affirmative Defenses upon completion of discovery. Defendants demands a trial by jury on all issues.

Respectfully submitted,

LEWIS EVANGELIDIS, KEVIN BARRETT & BRIAN RUGGIERI

By their Attorney,

/s/ Andrew J. Abdella
Andrew J. Abdella (BBO#665663)
General Counsel
Special Assistant Attorney General
Worcester County Sheriff's Office
5 Paul X. Tivnan Drive
West Boylston, MA 01583
(508) 854-1818
aabdella@sdw.state.ma.us

## CERTIFICATE OF SERVICE

I, Andrew J. Abdella, hereby certify that on May 13, 2020, I have served the within Defendants' Answer by electronic filing via electronic file in the PACER system.

/s/ Andrew J. Abdella
Andrew J. Abdella